

FILED
Apr 10, 2024
12:53 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Cassandra Jordan ) | Docket No.     2023-01-4183 |
| ) | |
| v.                ) | State File No.  860263-2023 |
| ) | |
| HFS, LLC, d/b/a McDonald's, et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Thomas L. Wyatt, Judge ) | |

---

### Affirmed and Remanded

---

In this appeal, the employee challenges the trial court's interlocutory order denying her request for benefits.  She contends she was injured while lifting and carrying a heavy box of fries while working as a cook.  The employee did not provide written notice of her injury, and the parties dispute when she provided verbal notice, with the employer asserting it did not know of the alleged injury until more than fifteen days after the incident.  In denying her request for benefits, the trial court noted the employee offered no evidence of timely written notice and concluded she failed to show she will likely prevail at trial in proving the employer had actual knowledge of the accident.  The employee has appealed.  Upon careful consideration of the record, we affirm the court's decision, find the employee's appeal to be frivolous, and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Cassandra Jordan, Cleveland, Tennessee, employee-appellant, pro se

Gregory H. Fuller and Jolie A. Uzelac, Brentwood, Tennessee, for the employer-appellee, HFS, LLC, d/b/a McDonald's

### Factual and Procedural Background

Cassandra Jordan ("Employee") was working as a cook for HFS, LLC, d/b/a McDonald's ("Employer") on May 5, 2023, when she allegedly injured her back. Specifically, Employee asserts she was lifting a heavy box of french fries in the walk-in freezer of the store when the injury occurred.  Employee contends she told a manager she

had injured her back, but the manager "just went on by." In her responses to interrogatories propounded by Employer, Employee noted that "an exact date of notice" was May 8, when she told her manager that she "picked up a heavy box of fries" and was told to "go to the doctor." Employee also noted in her responses that the store manager told her to return to work with paperwork after she was seen by a physician.

On May 15, Employee sought medical treatment due to worsening pain. She used health insurance coverage from a second job to cover that treatment. The records of that visit indicate a history of suffering a lifting injury from an "unknown" location. The documentation of this visit reflects that Employee reported a history of left lumbar pain radiating into her left leg, but it does not document any history of a work injury. Employee was diagnosed with a lumbar strain, was prescribed medication and work restrictions, and was instructed to follow up with a physician.

During the expedited hearing, Employee testified that she reported her injury to Employer's general manager, Mitchell Fox, on May 16.[1] She also stated that she gave her report of injury to whoever answered the phone. Employee testified that she worked on May 18 and 19 and provided Employer with the records from her medical visit but asserted that Employer would not review the documentation. Employee also testified she was told on May 19 that a claim would be filed and that an adjuster would call her. Employee explained that, when she did not receive a call from an adjuster, she went to Employer's corporate office and reported her injury. Thereafter, she purportedly met with Mr. Fox on May 26 to complete paperwork for her claim.[2]

Mr. Fox also testified live at the expedited hearing, asserting he did not know about Employee's alleged work injury until May 30, when a manager told him that Employee had called on May 29 asking about her workers' compensation claim. Mr. Fox testified that he spoke with Employee, reviewed videotape of the incident, and wrote a contemporaneous statement summarizing their conversation. He noted that Employee told him she was injured on May 5 while getting fries out of the cooler. He testified that she did not use a cart and did not tell any representative of Employer about the incident. He confirmed that Employee provided him with a doctor's note on May 18 but stated she did not tell him her back condition was related to work. He later discussed with Employee the possibility of a work transfer, but Employee was terminated on May 25 for no call/no show. Mr. Fox testified that a first report of work injury was completed on May 31.

---

[1] A transcript of the proceeding was not filed; accordingly, we glean this information from the trial court's order.

[2] During her testimony, Employee acknowledged she is familiar with workers' compensation reporting procedures because she filed claims for separate back injuries in 2021 and 2022.

Following the expedited hearing, the trial court concluded Employee failed to show she will likely prevail at trial in proving she gave timely notice of her injury and denied benefits. The court noted Employee offered no evidence that she provided Employer with timely written notice of the alleged accident. The court also determined that there was no evidence Employer had actual knowledge of the alleged accident at the time it occurred and that Employee provided no reasonable excuse for her failure to give timely notice. In doing so, the court observed Employee's demeanor at trial, describing her "uncertainty and confusion in the dates of the conversations and with whom she spoke." Conversely, Mr. Fox had prepared a contemporaneous written statement, provided unrefuted testimony that he viewed the videotape of the incident, and testified "calmly and confidently." Employee has appealed.[3]

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2023). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a

---

[3] On January 30, 2024, after filing her notice of appeal, Employee filed a motion for an extension to file a transcript and position statement, stating she "need[ed] time to get the transcripts transcribed." Employer opposed her motion, but we granted it to the extent permitted by statute, noting that Employee "shall file a transcript, if any, on or before February 9, 2024." On February 8, Employee filed a document she identified as a statement of the evidence. Employer objected to Employee's statement of the evidence, arguing she did not comply with our order to file a *transcript* and that she had not received an extension of time to file a statement of the evidence, rendering her statement untimely. Employer also argued that Employee's statement of the evidence failed to comply with Tenn. Comp. Rules and Regs. 0800-02-22-.05, noting it failed to include all testimony and contained personal arguments, comments, and other information. Employer maintained that it did not request or obtain the audio recording of the hearing based on its "good faith reliance" on Employee's motion. On February 20, we issued an order noting that, consistent with Tenn. Comp. R. and Regs 0800-02-22-.02(3), any objections to the contents of the record must be resolved by the trial court. As a result, we remanded the case. Thereafter, the trial court sustained Employer's objections and excluded Employee's statement of the evidence from the record on appeal. That order was not appealed.

way that does not favor either the employee or the employer.  Tenn. Code Ann. § 50-6-116 (2023).

**Analysis**

Employee raises several issues on appeal, which we have restated as follows: (1) whether the trial court erred in excluding certain phone records produced by Employee; (2) whether the trial court erred in its consideration of Mr. Fox's testimony; (3) whether the trial court was biased against Employee; (4) whether the trial court erred in concluding Employee did not give timely notice of her injury; and (5) whether the trial court erred in considering Employee's previous workers' compensation claims.  For its part, Employer asserts Employee's appeal is frivolous and requests attorneys' fees and costs.

Although Employee filed a brief, she did not file a transcript of the hearing or a timely statement of the evidence.[4]  In the absence of a transcript, "the totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court."  *Meier v. Lowe's Home Centers, Inc.*, No. 2015-02-0179, 2016 TN Wrk. Comp. App. Bd. LEXIS 30, at *3 (Tenn. Workers' Comp. App. Bd. July 27, 2016).  Consistent with established Tennessee law, we must presume that the trial court's rulings were supported by sufficient evidence.  *See, e.g.*, *Estate of Cockrill*, No. M2010-00663-COA-R3-CV, 2010 Tenn. App. LEXIS 754, at *11-12 (Tenn. Ct. App. Dec. 2, 2010) ("[W]here no transcript or statement of the evidence is filed, the appellate court is required to presume that the record, had it been properly preserved, would have supported the action of the trial court."); *Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").

Further, our ability to discern the factual or legal issues for review is limited.  The arguments contained in Employee's brief largely concern questions of credibility, as she asserts that representatives of Employer falsified documents and improperly refused to accept her report of a work injury or review the medical records she provided.  However, as required by statute, we must give deference to the trial court's findings with respect to credibility.  *See* Tenn. Code Ann. § 50-6-239(c)(7); *see also Madden*, 277 S.W.3d at 898 (When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court.).  Thus, in the absence of any factual basis or legal argument from Employee

---

[4] Even if we were to conclude the statement of the evidence was properly filed, we still would not consider it in our resolution of this appeal, as it is not a proper statement of the evidence.  Rather than a summary of the live testimony provided at the expedited hearing, the document filed by Employee contains arguments and commentary, which are not appropriate in a statement of the evidence.

explaining why she believes the trial court erred in its credibility determinations, we are unable to discern any error by the trial court.

Moreover, as stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Indeed, were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as her counsel, which the law clearly prohibits. *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

Finally, Employer asserts Employee's appeal is frivolous and has requested attorneys' fees and expenses. Employer contends Employee "has not raised any reviewable issues." We agree. A frivolous appeal is one that is devoid of merit or brought solely for delay. *Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016). "[P]arties should not be required to endure the hassle and expense of baseless litigation. Nor should appellate courts be required to waste time and resources on appeals that have no realistic chance of success." *Id.* at *10-11 (internal citations omitted). Although we conclude this appeal is without merit, we exercise our discretion not to award fees or costs under the circumstances presented in this case. *See* Tenn. Comp. R. & Regs. 0800-02-22-.09(4) (2023).

**Conclusion**

For the foregoing reasons, we affirm the trial court's order and remand the case. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

Cassandra Jordan ) Docket No. 2023-01-4183
)
v. ) State File No. 860263-2023
)
HFS, LLC, d/b/a McDonald's, et al. )
)
)
Appeal from the Court of Workers' )
Compensation Claims )
Thomas L. Wyatt, Judge )

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 10th day of April, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Cassandra Jordan | | | | X | cd.jordan@outlook.com |
| Gregory H. Fuller Jolie Uzelac | | | | X | ghfuller@mijs.com jauzelac@mijs.com jkprendergast@mijs.com |
| Thomas L. Wyatt, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov